# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 5773 | **DATE** | 3/10/2011 |
| **CASE TITLE** | Rivera vs. Life Time Fitness, Inc. | | |

**DOCKET ENTRY TEXT**

The Court grants summary judgment to Life Time and enters final judgment in favor of Life Time.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff David Rivera ("Rivera") asserts negligence and product liability claims against defendant Life Time Fitness, Inc. ("Life Time"), alleging he obtained an infection from a spa at one of Life Time's health clubs. Life Time moves for summary judgment on Rivera's claims (Doc. 39), arguing, among other grounds, that Rivera failed to prove that water in the spa caused his infection. Rivera did not respond to Life Time's motion. The Court grants summary judgment to Life Time and enters final judgment in favor of Life Time.

    Because Rivera did not respond to Life Time's Local Rule 56.1 statement of material facts, the following facts are deemed admitted, and all citations are to Defendant's 56.1 statement. On August 16, 2007, Rivera went to Life Time's facility in Schaumburg, Illinois. (¶ 14.) He used the spa at that facility for 10 to 25 minutes. (¶¶ 15, 17.) He did not notice any problems with the spa at that time. (¶¶ 16, 18, 21.) Rivera cannot describe how Life Time's treatment of the spa water was improper, and does not know anything about the way that Life Time treated the spa water. (¶¶ 15, 17.) He does not know if Life Time had knowledge that there was a problem with the spa water that day. (¶ 23.) Rivera's physician, Dr. Lynwood Jones, treated him for a Methicillin-Resistant Staph Areus (MRSA) infection in August 2008. (¶ 28.) Dr. Jones does not know when or where Rivera may have obtained his infection, and has no opinion as to whether Rivera's infection came from contact with bacteria in a spa. (¶¶ 31-33.) Another of Rivera's treating physicians, Dr. Manish Sawlani, has no opinions about the quality, chemical nature or temperature of the spa water, and has no opinion to a reasonable degree of medical certainty as to whether Rivera contracted the MRSA infection from the spa. (¶¶ 34-36.)

    Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a

| STATEMENT |
|---|

genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Rivera has not presented any evidence that the spa water or any action by Life Time proximately caused his infection. Life Time is entitled to judgment as a matter of law on all of Rivera's claims. *See Wintz by & Through Wintz v. Northrop Corp.*, 110 F.3d 508, 515 (7th Cir. 1997) (applying Illinois law and noting it is incumbent on the plaintiff, as the party with the burden of proof, to show that the defendant caused the plaintiff's injuries in order to survive summary judgment); *see also Schultz v. Hennessy Indus.*, 584 N.E.2d 235, 241 (Ill. App. Ct. 1991) (holding under Illinois law, "proximate cause can only be established when there is a reasonable certainty that the defendant's acts caused the injury."); *Lindenmier v. Rockford*, 508 N.E.2d 1201, 1207 (Ill. App. Ct. 1987) (holding "the concept of proximate cause is the same in both cases of negligence and strict liability in tort."). Accordingly, final judgment is entered in favor of Life Time.